IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL LUKASHUK                                                    PLAINTIFF

v.                              No. 3:18-cv-83-DPM

BREVARD EXTRADITIONS, INC.,
d/b/a U.S. Prisoner Transport; DAVID
CARTER, Individually and in his Official
Capacity as a Sheriff of Greene County,
Arkansas; and JOHN DOES 1–20,
Individually and in their Official Capacity         DEFENDANTS

ORDER

Brevard's motion to dismiss, № 12, is denied.

Brevard seeks qualified immunity against Lukashuk's claims about the extradition itself, pointing to the warrant and the waiver/consent form. These two public documents are embraced by Lukashuk's complaint. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). He does not challenge their facial validity, though he pleads that Arkansas law wasn't followed in getting his waiver of extradition, and thus, he continues, that paper was invalid in substance. Brevard's employees can (if identified and served) seek qualified immunity because they were acting for the government. *Filarsky v. Delia*, 566 U.S. 377, 390–94 (2012). But Brevard cannot deploy that defense. "Qualified immunity is a defense only against a claim in one's individual capacity." *Bankhead v. Knickrehm*, 360 F.3d 839, 844

(8th Cir. 2004). Brevard is a private corporation, much like a municipality, which is not immune from liability for unconstitutional conduct. *Owen v. City of Independence, Missouri*, 445 U.S. 622, 650 (1980). The facially valid paperwork is admittedly strong medicine. It may be the essential ingredient of a successful good faith defense in due course. *Wyatt v. Cole*, 504 U.S. 158, 164–65, 167 (1992). That's a merits dispute, though, for a more complete record.

Lukashuk has stated a claim under the Arkansas Civil Rights Act and § 1983. Rule 8 requires a short and plain statement of the facts; and Lukashuk pleaded with admirable concision. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). He says that, as an elderly person, he repeatedly asked for nutrition and comfort breaks during transport, but Brevard and its employees denied his requests. Their doing so allegedly caused Lukashuk to soil himself and get sick. That's a claim for deliberate indifference. Discovery will reveal the details.

Brevard's other arguments for dismissal fall short, too. Although Brevard was acting for Massachusetts, Arkansas's extradition statutes, ARK. CODE ANN. § 16-94-201, *et seq.*, allowed Lukashuk's waiver and provided the legal authority necessary for extradition. So the Arkansas Civil Rights Act applies. And Lukashuk's claims aren't time barred, as Brevard acknowledges. *Douglas v. First Student, Inc.*, 2011 Ark. 463, 3, 385 S.W.3d 225, 226 (2011).

So Ordered.

*DP Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 July 2018